UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY VIOLA,<br>      Petitioner,<br><br>v.<br><br>WARDEN JEFF GRONDOLSKY<br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. No. 17-40037 |

## ORDER DISMISSING PETITION

Petitioner Gregory Viola's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is hereby <u>DENIED</u>, and this action is <u>DISMISSED</u> for lack of jurisdiction. Petitioner's remedy is the 28 U.S.C. § 2255 proceeding in the sentencing district, which was procedurally closed without prejudice on March 15, 2017,[1] and not a subsequent § 2241 petition in this court.

A "'motion pursuant to [28 U.S.C.] § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" <u>Thornton v. Sabol</u>, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (quoting <u>Jiminian v. Nash</u>, 245 F.3d 144, 146 (2d Cir. 2001). Petitioner's claims do not touch upon these types of issues, so the petition must be dismissed.[2] By contrast, under 28 U.S.C. § 2255, a

---

[1] On March 15, 2017, the District of Connecticut judge presiding over petitioner's § 2255 proceeding issued the following Order: "ORDER closing case without prejudice to reopening, and denying 48 Motion to Continue in light of this Order. Plaintiff has requested numerous extensions of time, the most recent of which [Dkt. 48] asserts an additional extension is necessary to retain counsel and allow that counsel to familiarize himself with the case. Plaintiff is apparently unable to prosecute this case without counsel, as evidenced by his many requests for extension since he filed this action in September of 2015. This case is accordingly closed without prejudice to reopening with or without counsel when Plaintiff is prepared to proceed in a timely manner, not to exceed 120 days from the date of this Order. The Clerk is directed to close this file." <u>Viola v. United States,</u> 15-cv-01398-VLB (D. Conn. March 15, 2017) Electronic Order, ECF No. 49.

[2] The "savings clause" exception provides petitioner no relief under § 2241 where there is no showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may *move the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). The sentencing court here is the District of Connecticut, and if the relief sought by Petitioner is available, it would be through the § 2255 process pending in that court. In these circumstances, where it appears that the relief sought is unavailable under 28 U.S.C. § 2241, the District of Massachusetts has no jurisdiction and the petition must be denied. Bultmeyer v. Grondolsky, No. CIV.A. 13-40119-FDS, 2013 WL 5538450, at *4 (D. Mass. Oct. 4, 2013).

**SO ORDERED.**

April 13, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

See 28 U.S.C. § 2255(e). Petitioner's claims can be adequately and effectively evaluated by the District of Connecticut, which will allow him to reopen his previously filed § 2255 petition. Where there is, in essence, an open § 2255 proceeding in which these claims have been or could be made, the petition must be dismissed. Bultmeyer v. Grondolsky, No. CIV.A. 13-40119-FDS, 2013 WL 5538450, at *4 (D. Mass. Oct. 4, 2013) (dismissing § 2241 petition alleging judicial bias and prosecutorial misconduct where § 2255 petition was pending in sentencing court).